# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | CRIMINAL ACTION 10-00273-KD-B |
| | ) | |
| BRUCE EDWARD McDONALD, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

This action is before the Court on the Acting Director of the Federal Bureau of Prisons' motion for reduction in the term of imprisonment of Defendant Bruce Edward McDonald (doc. 186). The Acting Director moves to modify the term of imprisonment to time served.

The motion is brought pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) which sets forth, in relevant part, as follows:

> (c) Modification of an imposed term of imprisonment.-- The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction[.]

18 U.S.C.§ 3582(c)(a)(A)(i).

Also, the United States Sentencing Commission has promulgated a Policy Statement for the reduction in term of imprisonment upon motion of the Director. The Commission provides

for a reduction in term if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), "the Court determines that … (1) "extraordinary and compelling reasons warrant the reduction . . . , (2) [t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)" and that "the reduction is consistent with this policy statement". U.S.S.G. § 1B1.13.

As grounds for the motion, the Acting Director states that Defendant's terminal medical condition and limited life expectancy constitute extraordinary and compelling reasons to warrant the requested reduction. The Acting Director reports that Defendant has been diagnosed with Stage IV colon cancer with metastatic disease, his condition is terminal, his health is rapidly declining, and his life expectancy is less than six months. Also, the Court has received information that Defendant was diagnosed with Stage IV colon cancer. Two medical opinions indicate that as of May 2016, Defendant had responded poorly to treatment and had a twelve to eighteen month life expectancy (doc. 187, Under Seal).

The Court has considered the relevant factors set forth in 18 U.S.C. § 3553(a) as required by the statute and the Policy Statement. The Court has considered the nature and circumstances of the offense, Defendant's history and characteristics, and the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to afford adequate deterrence, and to protect the public from further crimes of the Defendant. 18 U.S.C. § 3553(a)(1) & (2).

The Court has considered the relevant factors set forth in 18 U.S.C. § 3142(g) as required by the Policy Statement. The statute addresses certain factors to consider when releasing a defendant before trial. However, several of the factors are relevant in this circumstance. The Court has considered the nature and circumstances of the offense charged, the nature and

seriousness of the danger that would be posed by release, and the history and characteristics of the Defendant, including his present deteriorating physical condition, family and community ties, length of residence in the community and financial resources, as well as his past conduct and criminal history.

Upon consideration of the foregoing, the Court finds that there are extraordinary and compelling reasons to warrant the reduction in sentence.[1] U.S.S.G. § 1B1.13, comm. 1(A)(i) ("…extraordinary and compelling reasons exist under any of the following circumstances: The defendant is suffering from a terminal illness").  The Court further finds that Defendant is not a danger to the safety of other persons or the community and that there are conditions of release, which will reasonably assure the safety of other persons and the community as set forth in the conditions of supervised release in the Amended Judgment to be filed contemporaneously herewith.[2]  The Court further finds that any reduction in sentence made pursuant to the motion, would be consistent with the Policy Statement. U.S.S.G. § 1B1.13, comm. 2.

Accordingly, upon consideration of the foregoing, the motion is **GRANTED** and Defendant's term of imprisonment is reduced to **time served**.

**DONE** and **ORDERED** this the 14th day of September 2016.

                                                     **/s/ Kristi K. DuBose**
                                                   **KRISTI K. DuBOSE**
                                                 **UNITED STATES DISTRICT JUDGE**

---

[1] In the Proposed Commentary, effective November 1, 2016, absent Congressional action to the contrary, a terminal illness shall mean "a serious and advanced illness with an end of life trajectory." Also, a "specific prognosis of life expectancy (i.e, a probability of death within a specific time period) is not required." U.S.S.G. § 1B1.13, proposed comm. 1(A)(i).

[2] The Court has applied the terms of supervised release as set forth in the Judgment imposed June 28, 2013 (doc. 167).